### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**LAMAURICE H. JENKINS**                                        **PETITIONER**

**V.**                                        **CIVIL ACTION NO. 3:23-cv-146 HTW-LGI**

**WILLIAM SOLLIE**                                        **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pretrial detainee Lamaurice Jenkins filed the instant petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2241 in February 2023.  Respondent moves to dismiss the petition for mootness, lack of jurisdiction, failure to state a claim, and failure to exhaust state court remedies.  Upon review of the pleadings and applicable case law, the undersigned recommends that the petition be dismissed.

A pretrial detainee has the right to seek federal habeas relief, but the availability of such relief is not without limits.  *Braden v. 30th Jud. Cir. Ct. of Ky.,* 410 U.S. 484, 488–89 (1973).  The right to seek federal habeas corpus relief under § 2241 "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."  *Id.* at 489.  To the contrary, a pretrial detainee cannot derail "a pending state court proceeding by an attempt to litigate constitutional defenses prematurely in federal court."  *Id*. at 493.  The United States Supreme Court has thus drawn "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial,

and one who seeks only to enforce the state's obligation to bring him promptly to trial."

*Brown v. Estelle*, 530 F.2d 1280, 1280, 1283 (5th Cir. 1976) (quoting *Braden*, 410 U.S. at

490).  The Fifth Circuit has held that this distinction rests on the type of relief requested

by the petitioner:  If the petitioner is attempting to dismiss the indictment or prevent the

prosecution of his case, then he is seeking to abort the state proceedings.  *Id.* at 1282.  If

he is attempting to "force the state to go to trial," then he is merely seeking to force the

state to fulfill its obligation to provide him with a prompt trial.  *Id.*  "While the former

objective is normally not attainable through federal habeas corpus, the latter is, although

the requirement of exhaustion of state remedies still must be met."  *Id.* at 1283.

At the time of filing, Jenkins was in pretrial detention in Lauderdale County facing

charges of commercial burglary.  Jenkins, alleging that he was being wrongfully detained

and his statutory right to a speedy trial was being violated, requested the dismissal of the

charges against him and compensation for the time spent in pretrial detention.  Neither is

relief that is properly sought under § 2241.  *Dickerson v. State of La.*, 816 F.2d 220, 226

(5th Cir. 1987) ("an attempt to dismiss an indictment or otherwise prevent a prosecution"

is not attainable through federal habeas corpus and such a request would be dismissed as

improper) (citation omitted).  *Preiser v. Rodriguez*, 411 U.S. 475, 494, 93 S. Ct. 1827,

1838, 36 L. Ed. 2d 439 (1973) ("In the case of a damages claim, habeas corpus is not an

appropriate or available federal remedy.").  His petition is subject to dismissal for failure

to state a claim upon which § 2241 relief may be granted for this reason alone.

Since petitioning, moreover, the record reflects Jenkins has waived his right to an

indictment and pleaded guilty to the burglary charge.  He was sentenced to time served in

pretrial detention and released on post-release supervision on June 7, 2023.  A § 2241

action is rendered moot "when the court cannot grant the relief requested by the moving

party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007); *Salinas*

*v. U.S. Marshals Serv.*, 111 F. App'x. 782, 783 (5th Cir. 2004) ("because [petitioner] has

already been released from federal custody, there is no relief this court can grant . . .").

Jenkins is no longer a pretrial detainee.  He is a convicted defendant.  Any issues

challenging the lawfulness of his pretrial detention have thus been rendered moot.

*Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (recognizing that habeas

petitions challenging legality of pretrial detention were rendered moot by conviction);

*Thorne v. Warden, Brooklyn House of Det. of Men*, 479 F.2d 297, 299 (2d Cir. 1973)

("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal

charge not yet brought to trial, the issue as to the legality of his continued pretrial

detention has been mooted, and it therefore becomes unnecessary to resolve the

constitutional issues presented").

It also appears that Jenkins has abandoned this request for habeas relief.  He has

not responded to the motion to dismiss, nor has he provided the Clerk of the Court with a

current address since his release.  "Every attorney and every litigant proceeding without

legal counsel has a continuing obligation to notify the clerk of court of address changes."

*See* Local Rule 11(a); *Wade v. Farmers Ins. Grp.*, 45 F. App'x 323 (5th Cir. 2002).

Lastly, to the extent that Jenkins's petition is construed as raising a constitutional

speedy trial claim, absent a challenge to its validity, his guilty plea waived any non-

jurisdictional defects including the right to a speedy trial. *Nelson v. Hargett*, 989 F.2d

847, 850 (5th Cir. 1993) ("[A] defendant waives all non-jurisdictional defects upon entering a guilty plea, including alleged violations of his right to a speedy trial.") (citations omitted); *Tollet v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

In sum, the legality of Jenkins's pretrial detention is no longer in controversy rendering his petition moot. He pleaded guilty to the crime for which he was awaiting trial, and in doing so, waived any alleged violations of his right to a speedy trial. Because the undersigned so finds, the court need not address his failure to exhaust. For the reasons stated, the undersigned recommends that Respondent's motions to dismiss on the other grounds asserted be granted.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, will bar that party from attacking on appeal the unobjected-to proposed

factual findings and legal conclusions accepted by the district court, except upon grounds

of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1,

2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

      Respectfully submitted on January 30, 2024.

                              s/ LaKeysha Greer Isaac_____
                              UNITED STATES MAGISTRATE JUDGE